UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RENE PEREZ and MELVIN CASTANEDA on behalf of themselves and others similarly situated, | )<br>)<br>) |
| Plaintiffs, | )<br>) 07 C 1955 |
| v. | ) |
| AUTOZONE, INC., | )<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before us on Plaintiffs Rene Perez and Melvin Castaneda's motion to alter or amend or in the alternative vacate this court's February 27, 2008 dismissal with prejudice of Plaintiffs' complaint for want of prosecution and for failure to comply with discovery. For the reasons set forth below, Plaintiffs' motion is denied.

## BACKGROUND

Plaintiffs filed suit against Defendant Autozone, Inc. ("Autozone") on April 9, 2007. They then filed an amended complaint on August 27, 2007. At the parties' status hearing on September 27, 2007, we set a fact discovery close date of

February 27, 2008. On February 21, 2008, Defendant noticed up a motion to dismiss Plaintiffs' amended complaint. Defendant's motion to dismiss was predicated on Plaintiffs' failure to serve Defendant with their initial disclosures and their responses to Defendants' interrogatories and discovery production requests. Plaintiffs did not comply with Defendant's discovery requests by the discovery close date. They also failed to appear at the status and motion hearing that day. As a result, we dismissed Plaintiffs' complaint with prejudice for want of prosecution and for failure to comply with discovery.

Within the time permitted by Federal Rules of Civil Procedure 59(e), Plaintiffs moved to alter or amend our February 27 judgment pursuant to Rule 59(e) or in the alternative vacate our judgment pursuant to Rule 60.

## DISCUSSION

**I. Rule 59(e)**

*A. Legal Standard*

Although Plaintiffs' motion refers to both Fed. R. Civ. Proc. 59 and 60, we construe it as though it were brought pursuant to Rule 59(e) because it was filed within 10 days of the entry of judgment. *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). Rule 59(e) permits parties to file, within ten days of the entry of a judgment, a motion to alter or amend a judgment. A court may

alter or amend a judgment under Rule 59(e) where the moving party clearly establishes the existence of either newly discovered evidence or a manifest error of law or fact. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). The losing party's disappointment does not create a "manifest error." Rather, a manifest error is demonstrated by a court's "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto*, 224 F.3d at 606. A Rule 59(e) motion should not be used as "a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could or should have been presented to the district court prior to the judgment." *Popovits v. Circuit City Stores*, 185 F.3d 726, 730 (7th Cir. 1999).

*B.    Discussion*

In this case, Plaintiffs argue that we should not have dismissed their case because of their failure to meet discovery deadlines. Such an argument does not demonstrate that we ignored or misapplied controlling precedent. *Oto*, 224 F.3d at 606. In fact, "[t]he Seventh Circuit has repeatedly emphasized the wide discretion district court judges enjoy in controlling their dockets, as well as the importance of enforcing deadlines." *Rhodes v. Board of Trustees*, 165 F.3d 33, 35 (7th Cir. 1998) *see also Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004) ("Outright and consistent disregard of a court's scheduling order...certainly gives the trial court

sufficient reason under Fed. R. Civ. P. 41(b) to involuntarily dismiss an action for want of prosecution.").

Moreover, Plaintiffs had *five months* in which to serve Defendants with their initial disclosures and their responses to Defendant's interrogatories and requests for production of documents. At no time during those *five months* did Plaintiffs request an extension of time or indicate to the court that they were not able to meet the discovery schedule. If Plaintiffs had such arguments to make, they should and could have made them in the *five months* that passed since we set the discovery close date. However, it is inappropriate for them to make them now. *See Popovits*, 185 F.3d at 730. Furthermore, the arguments Plaintiffs advance in their instant motion simply do not provide us with a sufficient basis upon which to grant their motion. Therefore, because Plaintiffs' motion fails to satisfy the requirements of Rule 59(e), it is denied. *See Popovits,* 185 F.3d at 730.

## CONCLUSION

For the abovementioned reasons, Plaintiffs' motion is denied.

_____
Charles P. Kocoras
United States District Judge

Dated:  April 8, 2008